IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 Case |
| | ) | |
| DANIEL and VIRGINIA GARCIA, | ) | Case No. 17-25132 |
| | ) | |
| | ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtors. | ) | Hearing Date: December 7, 2017 |
| | ) | Hearing Time: 10:00 a.m. |

### NOTICE OF MOTION

To:   See Attached Service List

**PLEASE TAKE NOTICE** that on **December 7, 2017 at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Jack B. Schmetterer in Courtroom 682, United States Bankruptcy Court for the Northern District of Illinois at 219 South Dearborn Street, Chicago, Illinois 60604, or before any other judge as may be sitting in his stead, and shall then and there present the attached **MOTION FOR AUTHORITY TO CONDUCT RULE 2004 EXAMINATIONS**, at which time and place you may appear as you see fit.

Respectfully submitted,

**MONTY TITLING TRUST 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank National Association, successor by merger with Harris, N.A.**

By: /s/ Michelle G. Novick
       One of Its Attorneys

Michelle G. Novick, Esq. (#06207045)
Sandra Franco-Aguilera, Esq. (#6286182)
Saul Ewing Arnstein & Lehr, LLP
161 N. Clark, Suite 4200
Chicago, IL 60601
Phone: (312) 876-7100
Fax: (312) 876-0288

## CERTIFICATE OF SERVICE

I, Michelle G. Novick, an attorney, certify that I caused a copy of the foregoing **NOTICE OF MOTION** and **MOTION FOR AUTHORITY TO CONDUCT RULE 2004 EXAMINATIONS** to be served on the parties listed on the attached service list by regular mail and by delivery through the Court's ECF System to the parties entitled to electronic notice, as indicated therein, on November 27, 2017.

By: /s/ Michelle G. Novick

## SERVICE LIST

**VIA U.S. MAIL**

Daniel and Virginia Garcia
5947 S. Kolmar
Chicago, IL 60629
*Debtors*

**VIA ECF**

Raul Serrato, Esq.
Serrato Law Ltd.
1310-A W. 18th St.
Chicago, IL 60608
*Attorney for Debtors*

Norman B. Newman, Esq.
Much Shelist, P.C.
191 N. Wacker Dr., Suite 1800
Chicago, IL 60606
*Chapter 7 Trustee*

Patrick S. Layng, Esq.
Office of the U.S. Trustee, Region 11
219 S. Dearborn, Room 873
Chicago, IL 60604
*Office of U.S. Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 Case |
| | ) | |
| DANIEL and VIRGINIA GARCIA, | ) | Case No. 17-25132 |
| | ) | |
| | ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtors. | ) | Hearing Date: December 7, 2017 |
| | ) | Hearing Time: 10:00 a.m. |

**MOTION FOR AUTHORITY
TO CONDUCT RULE 2004 EXAMINATIONS**

Now comes, Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank National Association, successor by merger with Harris, N.A. ("Trust"), by and through its counsel, Michelle G. Novick and Sandra Franco-Aguilera of the law firm of Saul Ewing Arnstein & Lehr, pursuant to Federal Rule of Bankruptcy Procedure 2004, moves this Court for an order authorizing the Trust to conduct Rule 2004 Examinations of the Debtors. In support thereof, the Trust states respectfully as follows:

### I.     JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is Fed. R. Bankr. P. 2004.

### II.     BACKGROUND FACTS

4. On August 22, 2017, Daniel and Virginia Garcia (the "Debtors"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") Norman B. Newman was appointed the Chapter 7 trustee in the Debtors' case (the "Trustee").

5. On October 5, 2017, the Debtors filed their Bankruptcy Schedules and Statement

2

of Financial Affairs with the Bankruptcy Court. [Docket # 24]. The Debtors, however, did not include the Trust in their initial bankruptcy filing notwithstanding the fact that the Debtors were embroiled in foreclosure litigation with the Trust since February 14, 2014 (the "State Court Litigation"). The Debtors' bankruptcy counsel also represented the Debtors in the State Court Litigation. A copy of the Complaint (without exhibits) and Electronic Docket from the State Court Litigation are attached hereto and incorporated herein as Exhibit A.

6. The Trustee conducted the initial meeting of creditors on October 19, 2017. At that time, the Trustee found that the Debtors had no assets, capable of distribution to creditors, and filed a "Report of No Distribution" on October 20, 2017 with the Bankruptcy Court [Docket #27], which was subsequently withdrawn by the Trustee on November 21, 2017. [Docket #34].

7. On November 17, 2017, the Debtors filed Amended Bankruptcy Schedules providing additional information as to the real estate they own. Moreover, they now identify the Trust as an unsecured creditor of the Debtors in the amount of $531,768.70. [Docket #32].

8. The Trust, however, is a secured creditor of the Debtors, having filed Memorandum of Judgments with the Cook County Recorder of Deeds on December 18, 2015 (the "Judgments"). Copies of the Judgments are attached hereto and incorporated herein as Exhibit B.

9. Although the Trust advised Debtors' counsel that the Judgments operate as a secured claim against the Debtors' real estate in Cook County, pursuant to 735 ILCS 5/12-101, the Debtors continue to take the position that the Trust is an unsecured creditor.

10. In light of the Debtors' failure to include the Trust in its initial bankruptcy filing, the Trust is requesting authority to (i) investigate the Debtors' assets; (ii) the continued assertions by the Debtors that the Trust is an unsecured creditor and (iii) any other alleged liens against the properties as listed in the Amended Bankruptcy Schedules.

3

11. Bankruptcy Rule 2004 provides that any party in interest may examine any entity, on matters that relate to:

> the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . . [T]he examination may also relate to the operation of any business . . . , the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or the formulation of a plan.

Fed. R. Bankr. P. 2004(b).

12. Courts agree that the scope of a Bankruptcy Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted. *See, e.g., In re Handy Andy Home Improvement Ctr., Inc.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996); *In re Fin. Corp. of Am.*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990). The scope is so broad, in fact, that examinations allowed under Bankruptcy Rule 2004 "can legitimately be in the nature of a 'fishing expedition.'" *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

13. Pursuant to Fed. R. Bankr. P. 2004(c), the Court may compel the attendance of an entity for and examination and the production of documents. That rule also provides that an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court.

14. Simultaneously with filing of this request for authority to take the Rule 2004 Examinations of the Debtors, the Trust is requesting a sixty (60) day extension of the deadline to object to discharge and dischargeability.

15. Notice of this Motion has been sent to the Debtor, Counsel for the Debtor, the Trustee and the Office of the United States Trustee.

WHEREFORE, Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank National Association, successor by merger

with Harris, N.A. respectfully requests that this Court enter an order authority to issue Rule 2004 subpoenas to and conduct Rule 2004 examinations of the Debtors and for any such other and further relief as this Court deems appropriate under the circumstances.

        Respectfully submitted,

        **MONTY TITLING TRUST 1**

        By: /s/ Michelle G. Novick
            One of Its Attorneys

Michelle G. Novick, Esq. (#06207045)
Sandra Franco-Aguilera, Esq. (#6286182)
Saul Ewing Arnstein & Lehr, LLP
161 N. Clark, Suite 4200
Chicago, IL 60601
Phone: (312) 876-7100
Fax: (312) 876-0288

114560207