### IN THE UNITED STATED BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: Daniel Garcia and Virginia Garcia, ) | |
| ) | |
| Debtors, ) | Case No. 17-BK-25132 |
| ) | |
| ) | |

### OBJECTION TO DEBTOR'S MOTION TO AVOID LIEN

NOW COMES Creditor, CCIC I LLC, successor by assignment to Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank national Association, successor by merger with Harris, N.A., by and through its attorneys, Manetti Aguilera Seiler LLC, and for its objection to Debtors, Daniel Garcia and Virgnia Garcia's Motion to Avoid Lien ("Motion") , and in support thereof, states as follows:

1. On August 26, 2015, Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank national Association, successor by merger with Harris, N.A. ("Monty Titling") obtained a judgment in its and against Debtors, jointly and severally in the amount of $531,768.70 plus costs ("Judgment").

2. Monty Titling was listed as an unsecured creditor in Debtors' Schedule E. *See* Dkt. No. 32.

3. Monty Titling also participated in the Debtors bankruptcy and was granted a Motion for Rule 2004 Exam and as a result, Monty Titling had received various documents related to the properties owned by Debtors.

4. After various motions for extension of time to file an objection to dischargeability, Monty Titling made the decision not to file an objection. Nevertheless, Debtors were fully aware

of the Judgment that Monty Titling held.

5. On May 27, 2018, Debtors obtained a discharged.

6. Although Debtors were clearly aware of Monty Titling's claim, at no time during the bankruptcy did the Debtors seek to avoid the Judgment.

7. On September 23, 2020, Monty Titling assigned the Judgment to Creditor and said assignment was recorded with the Cook County Recorder of Deeds on July 20, 2021 as document number 2120107195.

8. On July 22, 2022, Creditor filed a Petition for Revival of Judgment in State court. Petition for Revival of Judgment attached as Exhibit 1.

9. On August 26, 2022, Debtors were granted time to respond to Creditor's Petition for Revival of Judgment.

10. On September 16, 2022, Debtors filed a Motion to Reopen Chapter 7 Bankruptcy Case with the Second Motion to Reopen Chapter 7 Bankruptcy Case filed on September 30, 2022 seeking to reopen this case solely to have the Judgment avoided pursuant to 11 U.S.C. §522(f)(1).

11. On October 12, 2022, Creditor filed its Objection to the Second Motion to Reopen Chapter 7 Bankruptcy Case but this Court granted Debtor's Motion and asked Creditor to re-file its Objection.

12. As set forth below, Creditor objects to the reopening of the bankruptcy case and Debtor's Motion should be denied as reopening the bankruptcy case would be prejudicial to Creditor. Creditor further objects to the Judgment being avoided.

**Chapter 7 Bankruptcy Case should not have been opened**

13. The decision whether to reopen a bankruptcy case lies within the broad discretion of the bankruptcy court. *In re Shondel*, 950 F.2d 1301, 1304 (7th Cir.1991) (*citing* Hawkins v.

Landmark Fin. Co., 727 F.2d 324, 326 (4th Cir.1984) and *In re Thomas*, 204 F.2d 788, 791 (7th Cir.1953).

14. Although there are no time limits for when a debtor may file a motion to avoid liens, the debtor may be prohibited from reopening a bankruptcy case if the delay in seeking to avoid the lien is prejudicial to the Creditor. *In the Matter of Bianucci*, 4 F.3d 526 (7th Cir. 1993) (*citing* In re Chabot, 992 F.2d 891, 893 (9th Cir.1993) and *In Hawkins v. Landmark Fin. Co*., 727 F.2d 324 (4th Cir.1984)(the appellate Court upholding a bankruptcy court's refusal to reopen a case because eight months had passed since it was closed and the creditor had incurred court costs and counsel fees in commencing foreclosure proceedings on its lien). *See also,* In re Towns, 16 B.R. 949, 954 (Bankr.N.D.Iowa 1982) (holding that once a creditor has commenced a replevin action against the debtor's property, the debtor may not move to avoid the lien).

15. Similarly, Debtors not only waited over 4 years to reopen their bankruptcy case to have the Judgment avoided, but they waited until Creditor filed its Petition for Revival of Judgment which required Creditor to incur costs to do the same. In addition, costs continue to accrue in this matter.

16. It is not the case that Debtors had no knowledge of Creditor after obtaining a discharge in bankruptcy, rather Debtors had full knowledge of the Judgment since the filing of their bankruptcy case. Given that this case falls in line with the multitude of cases that support a denial of reopening a bankruptcy case after a creditor has taken action on its lien and incurred costs, Creditor asks this Court to rule the same.

**Motion to Avoid Lien Should be Denied**

17. Creditor further objects to the avoidance of the Judgment.

18. Pursuant to 11 U.S.C. §522(f)(1), a "debtor may avoid the fixing of a lien on an

interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is (A), a judicial lien…."

19. Debtor does not dispute that the Judgment is a judicial lien or that the Judgment may impair the homestead exemption on the Debtors' principal residence located at 5947 S. Kolmar, Chicago, Illinois ("Kolmar Property").  However, Debtors are not entitled to any exemption on the property located at 3417 Cermak, Chicago, Illinois ("Cermak Property") and no exemptions were claimed on the Cermak Property in Debtors' schedules.

20. As the Cermak Property is a commercial property, Debtors are not entitled to any exemptions.

21. Debtors' seek to avoid the Judgment as to the Kolmar Property and Cermak Property under 11 U.S.C. §522(f)(1), but clearly the Judgment does not impair any exemption on the Cermak Property that would allow Debtors to avoid the Judgment as to that property.

22. Based on the foregoing, Creditor objects to any avoidance of the Judgment and especially as to the Cermak Property.

WHEREFORE, Creditor requests that this Court deny Debtors' motion to reopen the chapter 7 bankruptcy case and deny Debtors' request to avoid Creditor's judgment lien and other relief this Court deems just.

|  |  |
|---|---|
| Sandra A. Franco-Aguilera, #6286182<br>**Manetti Aguilera Seiler LLC**<br>2213 Lakeside Drive<br>Bannockburn, Illinois 60015<br>Phone: (224) 706-6932<br>saguilera@maslawllc.com | Respectfully submitted,<br><br>CCIC I LLC, successor by assignment Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank National Association, successor by merger with Harris, N.A.,<br><br>By:  /s/ Sandra A. Franco-Aguilera<br>         One of Its Attorneys |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Sandra A. Franco-Aguilera

FILED
7/22/2022 5:05 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2014CH02711
Calendar, 64
18792372

FILED DATE: 7/22/2022 5:05 PM   2014CH02711

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CHANCERY DIVISION

| | |
|---|---|
| CCIC I LLC, successor by assignment Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank national Association, successor by merger with Harris, N.A., <br> Plaintiff, <br> v. <br> DANIEL GARCIA AND VIRGINIA GARCIA, <br> Defendants. | Case No. 2014 CH 2711 |

## PETITION FOR REVIVAL OF JUDGMENT

CCIC I LLC, successor by assignment Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank national Association, successor by merger with Harris, N.A. ("Plaintiff"), by and through its attorneys, Manetti Aguilera Seiler LLC, and, pursuant to 735 ILCS 5/2-1602, moves this Court to revive the Judge previously entered in this case on August 26, 2015 against Daniel Garcia and Virginia Garcia and in support thereof, states as follows:

1.  On August 26, 2015, this Court entered Judgment in favor of Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank national Association, successor by merger with Harris, N.A. and against Defendants, Daniel Garcia and Virginia Garcia, jointly and severally in the amount of $531,768.70 plus costs. See attached Judgment attached as **Exhibit 1.**

2.  On September 23, 2020, Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank national Association, successor by merger with Harris, N.A assigned the Judgment to CCIC I LLC and said assignment was recorded with the Cook County Recorder of Deeds on July 20, 2021 as document number

**EXHIBIT 1**

2120107195. See attached assignment as **Exhibit 2.**

3. On December 16, 2015, Plaintiff recorded a Memorandum of Judgment as document numbers 1535019096 and 1535019097. See attached recorded Memorandum of Judgments as **Group Exhibit 3.**

4. As a result of the recording of the Memorandum of Judgments, a lien against properties owned by the Defendants attached on December 16, 2015. This includes the property located at 3417 W. Cermak Road, Chicago, Illinois 60623 and 5947 S. Kolmar, Chicago, Illinois 60629 (collectively, the "Properties")

5. On August 27, 2017, Defendants Daniel Garcia and Virginia Garcia filed for Chapter 7 bankruptcy relief and obtained a discharge on May 25, 2018.

6. Defendants Daniel Garcia and Virginia Garcia did not seek to avoid or eliminate the lien attached to the Properties.

7. Plaintiff seeks to revive the Judgment only as to the Properties which lien attached by virtue of the Memorandum of Judgments recorded on December 16, 2015.

8. That as of July 1, 2022, interest at the statutory rate of 9% has accrued in the amount of $327,635.44.

9. That as of July 1, 2022, Defendants have made no payments and/or are entitled to credits in the amount of $553.43.

10. The amount of court costs expended prior to the issuance of this Petition for Revival of Judgment is in the amount of $0.

11. The present balance due on the judgment is $858,850.71.

WHEREFORE, Plaintiff prays that the Judgment entered on August 26, 2015 be revived as to only the Properties held by the Defendants, Daniel Garcia and Virginia Garcia that were

attached by the recording of the Memorandum of Judgments and for any and other relief this Court deems just.

Respectfully submitted,

CCIC I LLC, successor by assignment Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank national Association, successor by merger with Harris, N.A., Plaintiff

By: _____
One of Its Attorneys

Sandra A. Aguilera (saguilera@maslawllc.com)
Vanessa E. Seiler (vseiler@maslawllc.com)
**Manetti Aguilera Seiler LLC**
2213 Lakeside Drive
Bannockburn, Illinois 60015
Phone: (224) 706-6932
Firm No. 100074

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

| | |
|---|---|
| MONTY TITLING TRUST 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank National Association, successor by merger with Harris N.A., <br><br> Plaintiff, <br><br> v. <br><br> DANIEL GARCIA, VIRGINIA GARCIA, PORTFOLIO RECOVERY ASSOCIATES, LLC, MIDLAND FUNDING LLC, UNKNOWN OWNERS and NON-RECORD CLAIMANTS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 2014-CH-02711 <br><br> Cal. 64 <br><br> *Property Address:* <br> *4517 West Ogden Avenue* <br> *Chicago, Illinois 60603* |

## ORDER CONFIRMING SALE

THIS CAUSE comes before the Court on the Plaintiff, Monty Titling Trust 1's (the "Plaintiff"), successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank National Association, as successor by merger with Harris, N.A., Motion to Confirm Sale (the "Motion") regarding the industrial property commonly known as 4517 West Ogden Avenue, Chicago, Illinois (the "Property"), due notice of the Motion having been given, the Court having examined the foreclosure sale (the "Sale"), and the Court being fully advised in the premises,

1) **IT IS HEREBY FOUND:**

   a. That all notices required by 735 ILCS 5/15-1507(c) and the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101 *et seq* (the "IMFL") were given;

   b. That the Sale was fairly and properly made;

   c. That Intercounty Judicial Sales Corporation (the "Sale Officer)" has in every respect proceeded in accordance with the terms of the Judgment of Foreclosure and Sale (the "Judgment") entered by this Court on April 22, 2015 and with the terms of the IMFL;

   d. That the Property is an industrial building and does not fall within the definition of "Residential Real Estate under Section 15-1219 of the IMFL;

1

**EXHIBIT 1**

FILED DATE: 7/22/2022 5:05 PM    2014CH02711

e.  That the Property was last inspect by John Fitzmaurice, the Court-appointed receiver (the "Receiver"), on ___July 31___, 2015; and

f.  ~~That, from January 1, 2015 through June 30, 2015, the Plaintiff incurred reasonable attorney's fees of $11,694.50 and costs of $1,807.99 relating to the prosecution of this foreclosure and otherwise enforcing the Plaintiff's rights and remedies under the loan documents that are the subject of this proceeding.~~ *(PSB)*

## 2) IT IS THEREFORE ORDERED:

a.  That the Motion is granted and the Sale of the Property is approved, ratified, and confirmed, subject to the contents of this Order and the Judgment;

b.  The right of redemption has been waived;

c.  That upon request by the Plaintiff as the successful bidder, or its designee holder of the Certificate of Sale, and provided that all required payments have been made pursuant to 735 ILCS 5/15-1509, the Sale Officer shall execute and deliver to the Plaintiff, or its designee holder of the Certificate of Sale, a deed sufficient to convey title; and

d.  That judgment is entered against Daniel Garcia and Virginia Garcia, jointly and severally, under Count I of the Verified Complaint in the amount of $ **531,768.70**. *Additional amounts for the Plaintiff's fees, costs, expenses and other recoverable amounts since January 1, 2015 may be added to this amount by separate order.* *(PSB)*

## 3) IT IS FURTHER ORDERED:

a.  That the Deed to be issued is a transaction that is exempt from all transfer taxes, either state or local, and the Office of the Cook County Recorder of Deeds is ordered to permit immediate recordation without any exemption stamps;

b.  That the grantee is entitled to and shall have possession of the Property following delivery of the deed;

c.  ~~That the court-appointed Receiver is discharged and his bond is released following delivery of the balance of the receivership funds, along with an accounting thereof, to the Plaintiff within 21 days of entry of this Order, which funds shall be credited against the indebtedness set forth in Section 2(d) herein; and~~ *(PSB)*

d.  A copy of this Order shall be mailed to all parties within seven (7) days.

DATED: _____, 2015            ENTER:

```
ENTERED
Judge Robert Senechalle - 1915
AUG 2 6 2015
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK _____
```

_____
Judge

Prepared By and After Recording Mail To:

Sandra A. Aguilera
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash, Suite 1700
Chicago, Illinois 60611

Doc#. 2120107195 Fee: $98.00
Karen A. Yarbrough
Cook County Clerk
Date: 07/20/2021 08:21 AM Pg: 1 of 2

*(Space above this line for Recorder's use)*
## ASSIGNMENT OF JUDGMENT

**MONTY TITLING TRUST 1,** successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank national Association, successor by merger with Harris, N.A., c/o Capital Crossing Servicing Company, LLC, 100 Summer Street, Suite #1150, Boston, MA 02110 ("Assignor"), for and in consideration of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, does hereby sell, assign, transfer and set over to **CCIC I LLC**, a Delaware limited liability company, c/o Capital Crossing Servicing Company, LLC, 100 Summer Street, Suite #1150, Boston, MA 02110 ("Assignee"), all of Assignor's right, title and interest in and to the judgment entered in Case No. 2014 CH 02711, in the Circuit Court of Cook County, Illinois, on August 26, 2015, and recorded with the Cook County Recorder of Deeds on December 16, 2015, as document numbers 1535019096 and 1535019097 in favor of Assignor and against Daniel Garcia and Virginia Garcia, in the amount of $531,768.70 (the "Judgment"):

Assignor hereby represents and warrants to Assignee that Assignor is the absolute owner of the Judgment, that the Judgment is free and clear of all liens, claims, security interests, encumbrances, and rights of others, except for liens in favor of Assignee, and that Assignor has full right, power and authority to transfer the Judgment and to make this Assignment of Judgment.

IN WITNESS WHEREOF, the undersigned has executed, signed and sealed this Assignment of Judgment as of September 23, 2020.

**ASSIGNOR:**

**MONTY TITLING TRUST 1,**

By:   Its Attorney-in-Fact under Limited
      Power of Attorney dated September 24, 2020

By:   _____
      Bradley Shron
      Attorney-in-Fact

Daniel Garcia

**EXHIBIT 2**

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, SS.

On this 2nd day of December 2020, before me, the undersigned notary public, personally appeared Bradley Shron, Attorney-in-Fact under Limited Power of Attorney dated September 24, 2020, personally known to me to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

WITNESS my hand and official seal.

_____
Notary Public

**JIL A. HEMEON**
Notary Public
Commonwealth of Massachusetts
My Commission Expires
February 25, 2022

3315        (Rev. 6/11/02) CCG 0015
Memorandum of Judgment

IN THE CIRCUIT COURT OF
COOK COUNTY, ILLINOIS

MONTY TITLING TRUST 1

v.

DANIEL GARCIA, et al.



Doc#:   1535019096 Fee: $40.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 12/16/2015 03:40 PM Pg: 1 of 1

Recorder's Stamp

FILED DATE: 7/22/2022 5:05 PM   2014CH02711

No. 2014 CH 02711

## MEMORANDUM OF JUDGMENT

On August 26, 2015, judgment was entered in this court in favor of the plaintiff Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank National Association, successor by merger with Harris, N.A.

and against defendant Daniel Garcia, an individual

whose address is last known as 3417 W. Cermak Road, Chicago, Illinois 60623

in the amount of $ 531,768.70 .

Atty. No.: 44250
Name: Riemer & Braunstein LLP
Atty. for: Plaintiff
Address: 71 South Wacker Drive, Suite 3515
City/State/Zip: Chicago, IL 60606
Telephone: 312/780-1173

Judge

ENTERED
Judge's No.
Judge Robert Senechalle - 1915
DEC 15 2015
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

CCRD REVIEWER

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**GROUP EXHIBIT 3**

3315                    (Rev. 6/11/02) CCG 0015
Memorandum of Judgment

IN THE CIRCUIT COURT OF
COOK COUNTY, ILLINOIS

MONTY TITLING TRUST 1

v.

DANIEL GARCIA, et al.



Doc#: 1535019097 Fee: $40.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 12/16/2015 03:40 PM Pg: 1 of 1

**Recorder's Stamp**

No. 2014 CH 02711

## MEMORANDUM OF JUDGMENT

On August 26, 2015, judgment was entered in this court in favor of the plaintiff Monty Titling Trust 1, successor by assignment from Monty SPV, LLC, successor by assignment from BMO Harris Bank National Association, successor by merger with Harris N.A.

and against defendant Virginia Garcia, an individual

whose address is last known as 5947 S. Kolmar, Chicago, Illinois 60629

in the amount of $ 531,768.70.

Judge

ENTERED
Judge's No.
Judge Robert Senechalle - 1915
DEC 15 2015
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Atty. No.: 44250
Name: Riemer & Braunstein LLP
Atty. for: Plaintiff
Address: 71 South Wacker Drive, Suite 3515
City/State/Zip: Chicago, IL 60606
Telephone: 312/780-1173

CCRD REVIEWER

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED DATE: 7/22/2022 5:05 PM   2014CH02711